IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LISA STEPHENS, et al.                                                    PLAINTIFFS

v.                                                  CIVIL ACTION NO.: 1:13-cv-00244-GHD-DAS

PROGRESSIVE GULF INS. CO.                                                GARNISHEE

v.

HOLCOMB LOGGING, LLC, et al.                                             DEFENDANTS

MEMORANDUM OPINION GRANTING GARNISHEE'S MOTION TO ENJOIN, DENYING PLAINTIFFS' MOTION TO DISMISS, DENYING PLAINTIFFS' MOTION TO CONTINUE AND STAY, AND DENYING AS MOOT PLAINTIFFS' MOTION TO EXPEDITE HEARINGS ON PENDING MOTIONS

This cause comes before the Court on Garnishee's motion to enjoin [27] Plaintiffs from continuing to seek relief in state court when this action has been removed to this court by Garnishee. Plaintiffs have responded in opposition, and have also filed a motion to dismiss for lack of jurisdiction [31] and a motion to continue and stay [33]. The parties have filed responses and replies concerning these motions. Upon due consideration of the memoranda submitted, the state court record, and the relevant law, the Court finds that Garnishee's motion to enjoin [27] should be granted; Plaintiffs' motion to dismiss for lack of jurisdiction [31] should be denied; Plaintiffs' motion to continue and stay [33] should be denied; and Plaintiffs' motion to expedite hearings on pending motions [39] should be denied as moot.

The underlying state court cause of action was filed February 12, 2009 in the Circuit Court of Itawamba County: *Lisa Beam Stephens and Pamela Beam Drake, as wrongful death beneficiaries of Truman Edward Beam v. Holcomb Logging, LLC, Darryl Holcomb and James Holcomb*, 09-040PI. A judgment was entered against Defendants on August 23, 2013, and that judgment has not been satisfied. Subsequently, a Writ of Garnishment was filed against

Garnishee Progressive Gulf Insurance Company on the allegation that a policy of insurance was issued in the name of Holcomb Logging, LLC; Darryl Holcomb; and IC Trucking. Progressive was served with the Writ on November 26, 2013. On December 23, 2013, Progressive filed with this Court a notice of removal, an answer to the Writ, and a counterclaim. Thereafter, it is undisputed that Plaintiffs did not file a motion to remand and that the parties conducted discovery with filings in the Court. However, on April 1, 2014, Plaintiffs filed a motion for default judgment in the Circuit Court of Itawamba County.

Plaintiffs argue that "they relied upon the representations of Garnishee set forth [in the notice of removal] that the required [n]otice was being filed with the Circuit Court of Itawamba County, Mississippi [and] [i]mmediately upon learning that said required [n]otice had not been filed, Plaintiffs asserted their rights in State court." This ignores Plaintiffs' own actions in engaging in litigation this matter in federal court, and not filing a motion to remand. Progressive argues that after recognizing a procedural defect in filing of the Notice of Removal in state court, they filed a formal state court notice of removal with the Itawamba Circuit Clerk on April 4, 2014.

Removal is a three-step process, and Section 1446(d) requires a removing party to file the notice of removal in the federal court, give written notice to all adverse parties, and file a copy of the notice with the clerk of the state court, which shall effect the removal. 28 U.S.C. § 1446. The Fifth Circuit has held that a state court continues to have jurisdiction until it has been given actual or constructive notice of removal. *Medrano v. Texas*, 580 F.2d 803, 804 (5th Cir. 1978). It is arguable that the Circuit Court of Itawamba County had constructive notice of removal before the motion for default judgment was filed, but regardless, the state court now has actual notice.

2

In the case of *Dukes v. South Carolina Insurance Co.*, 770 F.2d 545 (5th Cir. 1985), the Fifth Circuit relied upon its decision in *Medrano* and found that constructive notice was accomplished by notice to counsel for the plaintiffs. The Fifth Circuit presumed that the attorneys for plaintiffs fulfilled their ethical responsibility to advise the state court of the removal to federal court before the default judgment was taken. "Failure to file a copy of the removal petition with the state court clerk is a procedural defect, and does not defeat the federal court's jurisdiction." *Id.* at 545; *Prewitt v. City of Greenville, Miss.*, 202 F.3d 265 (5th Cir. 1999).

Removal statutes are to be strictly construed against removal and the removing party bears the burden of establishing the district court's jurisdiction. *See Davis v. Estate of Harrison*, 214 F. Supp. 2d 695, 696 (S.D. Miss. 2002) (citing *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986)); *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 144 (1921).

Progressive has met its burden. Plaintiffs had notice of removal and participated in the federal cause of action. The failure of Progressive to file a notice of removal in the state court does not defeat this Court's jurisdiction. Further, the state court now has actual notice of removal.

Although a motion for default judgment is pending in the Circuit Court of Itawamba County, this matter was properly removed before any final judgment had been entered by the Circuit Court, and therefore, this Court has jurisdiction. The Court also agrees with Progressive that Plaintiffs have not timely filed an objection to the removal of this action, and have waived their right to insist that this Court is bound to defer to the state court's ruling on the motion for default judgment.

For all the foregoing reasons, Garnishee's motion to enjoin plaintiffs from proceeding further in the state court action [27] is GRANTED; Plaintiffs' motion to dismiss for lack of

jurisdiction/adjudication of failure of removal [31] is DENIED; Plaintiffs' motion to continue and stay [33] is DENIED; and Plaintiffs' motion to expedite hearings on pending motions [39] is now DENIED AS MOOT.

An order in accordance with this opinion shall issue this day.

THIS, the 21st day of April, 2014.

/s/ Glen H. Davidson
SENIOR JUDGE