IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LISA BEAM STEPHENS and
PAMELA BEAM DRAKE,
Wrongful Death Beneficiaries of
Truman Edward Beam                                                    PLAINTIFFS

v.                                        CIVIL ACTION NO.: 1:13-cv-00244-GHD-DAS

PROGRESSIVE GULF INSURANCE COMPANY                                    GARNISHEE

v.

HOLCOMB LOGGING, LLC; DARRYL HOLCOMB;
JAMES HOLCOMB; and IC TRUCKING                                        DEFENDANTS

MEMORANDUM OPINION DENYING PLAINTIFFS' MOTION FOR REMAND

Presently before this Court is Plaintiffs' motion to remand the case to state court [54]. Upon due consideration of the motion, response, and record, the Court is of the opinion that the motion should be denied.

*A. Factual and Procedural Background*

On August 23, 2013, Plaintiffs Lisa Beam Stephens and Pamela Beam Drake, wrongful death beneficiaries of the Decedent, Truman Edward Beam ("Plaintiffs"), obtained a judgment of $920,034.00 plus court costs in the amount of $120.00 and post-judgment interest at the legal rate of 8% per annum against Defendants Holcomb Logging, LLC; Darryl Holcomb; James Holcomb; and IC Trucking ("Defendants") in the Circuit Court of Itawamba County, Mississippi. Subsequently, Plaintiffs made a proper suggestion for writ of garnishment against Defendants and/or Progressive Gulf Insurance Company ("Garnishee"). The writ of garnishment was issued by the Circuit Clerk of Itawamba County, Mississippi, and was served on Garnishee

1

on November 26, 2013. On December 23, 2013, Garnishee filed its notice of removal within 30 days of receipt of the writ of garnishment. On May 1, 2014, Plaintiffs filed the present motion to remand [54], to which Garnishee filed a response in opposition on May 6, 2014. The matter is ripe for review.

## B. Legal Standard

The removal statute provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). A case may be remanded upon a motion filed within thirty days after the filing of the notice of removal on any defect except subject matter jurisdiction, which can be raised at any time by any party or *sua sponte* by the district court. *Wachovia Bank, N.A. v. PICC Prop. & Cas. Co.*, 328 F. App'x 946, 947 (5th Cir. 2009) (per curiam); *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The party who seeks to remove the case to federal court bears the burden of showing that federal jurisdiction exists and that removal was proper. *Id.* (citations omitted). Courts are to consider "jurisdictional facts as they existed at the time of removal" in ruling on a motion to remand. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995). "When a federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction."

2

*England v. La. Med. Exam'rs*, 375 U.S. 411, 415, 84 S. Ct. 461, 11 L. Ed. 2d 440 (1964); *see Cohens v. Virginia*, 19 U.S. 264, 1821 WL 2186, 5 L. Ed. 257 (1821) ("It is most true that this Court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction if it should.").

## C. Analysis and Discussion

A case may be removed to federal court on the basis of diversity jurisdiction if both requirements of diversity jurisdiction are met, that is, if complete diversity exists and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). The amount in controversy clearly exceeds $75,000.00. The only issue before this Court is whether complete diversity exists between the parties. It is undisputed that Plaintiffs and Defendants are Mississippi citizens and that Garnishee is an Ohio citizen, having been incorporated in Ohio and having its principal place of business there.

Plaintiffs contend that remand is warranted because this Court lacks subject matter jurisdiction over the action. Plaintiffs specifically argue that at the time of removal, December 23, 2013, a motion for default judgment was pending in the Circuit Court of Itawamba County; that consequently, the Circuit Court of Itawamba County had not issued a final judgment at the time of removal; that this Court must thus look to the citizenship of Plaintiffs, Defendants, and Garnishee—not merely the citizenship of Plaintiffs and Garnishee—to determine whether complete diversity exists; and that in so doing, this Court must conclude that complete diversity does not exist, as Plaintiffs and Defendants are citizens of Mississippi, and remand the case to the Circuit Court of Itawamba County.

Garnishee argues in response that removal is proper because this Court has subject-matter jurisdiction over the action and presents several specific arguments in support. First, Garnishee

argues that Plaintiffs have admitted subject-matter jurisdiction in this Court. Because "subject-matter jurisdiction cannot be created by waiver or consent," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001), this argument is unavailing. Garnishee further argues that this garnishment action is a separate civil action from the underlying state-court litigation and not a direct action under the diversity jurisdiction statute; that only the citizenship of Plaintiffs (Mississippi) and Garnishee (Ohio) is properly considered for purposes of diversity jurisdiction; and that in so doing, diversity jurisdiction is established.

The diversity statute provides in pertinent part:

> [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1331(c)(1). This "direct action" provision "treats a defendant insurer as a citizen of the insured's state when the insured is not also a defendant." *Boston v. Titan Indem. Co.*, 199 F.3d 437, 1999 WL 1067058, at *1 (5th Cir. 1999) (per curiam).

However, "garnishment actions against third parties are construed as independent actions from the primary action which established the judgment debt." *Berry v. McLemore*, 795 F.2d 452, 455 (5th Cir. 1986) (footnote omitted). "[A] garnishment action . . . is founded on the judgment creditor's right of action against the garnishee." *Davenport v. Hamilton, Brown & Babst, L.L.C.*, 624 F. Supp. 2d 542, 546 (M.D. La. 2008) (citing *Johnson v. Great Am. Ins. Co.*, 213 F. Supp. 2d 657, 660 (S.D. Miss. 2001)). "In the garnishment action, the parties are 'litigating the existence of a new liability,' whether the insurer owes a debt to its insured." *Chisolm v. Alfa Ins. Co.*, No. 2:10–cv–00129, 2010 WL 2802169, at *2 (S.D. Miss. July 14,

2010) (quoting *Freeman v. Walley*, 276 F. Supp. 2d 597, 602 (S.D. Miss. 2003) (in turn citing *Butler v. Polk*, 592 F.2d 1293, 1295–1296 (5th Cir. 1979))). "[A] judgment creditor cannot commence a garnishment action until such time as he becomes a judgment creditor, i.e., secures a judgment." *Id.* (citing *Johnson*, 213 F. Supp. 2d at 660–61).

The Court notes that final judgment was entered in the underlying state-court litigation on August 23, 2013 against Defendants. *See* State-Ct. J. [4-46] at 1–2. At that point, Plaintiffs became judgment creditors and subsequently commenced the state-court garnishment action against Garnishee which Garnishee subsequently removed to this Court. Clearly, this garnishment action is independent from the underlying state-court litigation. The pending motion for default judgment mentioned by Plaintiffs in their remand motion was one filed by Plaintiffs with respect to the writ of garnishment, not the primary underlying state-court case in which final judgment had been entered.

Garnishee is an insurance company which was not a party to the underlying civil action giving rise to the judgment debt and thus is a third party. Interestingly, although Plaintiffs were adverse to Defendants in the underlying state-court litigation, for purposes of this garnishment action, Defendants realign with Plaintiffs, due to Defendants' interest in having Garnishee satisfy the judgment, and thus, Defendants are considered party Plaintiffs for jurisdictional purposes. *See Mabins v. Alfa Ins. Co.*, No. 2:10-cv-130, 2010 WL 2557743, at *2 n.3 (S.D. Miss. June 23, 2010) (citing *Freeman*, 276 F. Supp. at 602; *Boston v. Titan Indem. Co.*, 34 F. Supp. 2d 419, 421–22 (N.D. Miss. 1999)); *Moore v. Sentry Ins. Co.*, 399 F. Supp. 929, 931 (D.C. Miss. 1975). In the proper alignment, Plaintiffs and Defendants are Mississippi citizens and are adversarial to Garnishee, an Ohio citizen. Thus, complete diversity exists between the parties. Because the requisite amount in controversy and complete diversity of citizenship are met, this Court has

diversity jurisdiction over this action. Accordingly, Plaintiffs' motion to remand the case to state court [54] is not well taken.

*D. Conclusion*

In sum, because the Court has subject-matter jurisdiction over this action, Plaintiffs' motion to remand the case to state court [54] is DENIED. Plaintiffs' motion to expedite hearing [55] on the remand motion is DENIED AS MOOT.

An order in accordance with this opinion shall issue this day.

THIS, the 6 day of November, 2014.

/s/ Glen H. Davidson
SENIOR JUDGE