IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LISA BEAM STEPHENS and
PAMELA BEAM DRAKE,
Wrongful Death Beneficiaries of
Truman Edward Beam                                                    PLAINTIFFS

v.                                        CIVIL ACTION NO.: 1:13-cv-00244-GHD-DAS

PROGRESSIVE GULF INSURANCE COMPANY                                    GARNISHEE

v.

HOLCOMB LOGGING, LLC; DARRYL HOLCOMB;
JAMES HOLCOMB; and IC TRUCKING                                        DEFENDANTS

## MEMORANDUM OPINION GRANTING IN PART, DENYING IN PART, AND HOLDING IN ABEYANCE IN PART GARNISHEE'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFFS' MOTION TO STAY CONSIDERATION OF GARNISHEE'S MOTION FOR SUMMARY JUDGMENT

Presently before this Court are the following motions filed by Garnishee Progressive Gulf Insurance Company: a motion for summary judgment [72]; a motion to strike designation of expert [81]; and a motion for extension of time, alternatively, to designate expert [83]. Also before this Court are the following motions filed by Plaintiffs Lisa Beam Stephens and Pamela Beam Drake: a motion for summary judgment [101], a motion to appeal [107] the Magistrate Judge's decision on their motion to compel [86], a motion to expedite hearing and oral argument [108], a motion to stay consideration [113] of Garnishee's motion for summary judgment, and a motion for entry of default [117]. This opinion concerns only Garnishee's motion for summary judgment [72] and Plaintiffs' motion to stay consideration [113] of the same. The Court will rule on the remaining motions at a later date. Upon due consideration, the Court finds as follows.

1

## A. Factual and Procedural Background

Plaintiffs Lisa Beam Stephens and Pamela Beam Drake (collectively, "Plaintiffs"), wrongful death beneficiaries of the Decedent, Truman Edward Beam ("Decedent"), filed suit in the Circuit Court of Itawamba County, Mississippi, against Defendants Darryl Holcomb; James Holcomb; Holcomb Logging, LLC; and IC Trucking (collectively, "Defendants"), alleging that while working as a truck driver for Defendants, Decedent was standing outside the vehicle when he was struck and killed by a loaded log truck operated by Defendant James Holcomb and that Decedent's cause of death "was the wrongful or negligen[t] act or omission of Defendants or by such unsafe machinery owned and operated by Defendants or the failure of Defendants to keep their vehicle under control, failure to maintain a proper lookout for the path of their vehicle, and failure to yield to a pedestrian." Pls.' Am. Compl., State-Ct. R. [26-25] ¶¶ 6–7. After Plaintiffs filed an uncontested motion for summary judgment, the state court granted the motion, finding that "[Decedent] died as a result of injuries sustained, which were proximately caused by the impact of a log truck and trailer owned and operated by the Defendants and their agents/employees, and that the death of [Decedent] was proximately caused by the negligence and wrongful actions of the aforesaid Defendants." Order Granting Pls.' Am. Mot. Summ. J., State-Ct. R. [26-20] at 1. After a hearing was held to determine damages, the state court entered a judgment in favor of Plaintiffs against Defendants in the amount of $920,034.00 plus court costs in the amount of $120.00 and post-judgment interest at the legal rate of 8% per annum. No appeal was taken from the judgment.

Subsequently, Plaintiffs made a proper suggestion for writ of garnishment against Defendants and/or Progressive Gulf Insurance Company ("Garnishee"). Garnishee had not been a party to, nor did it participate in, the state-court proceeding. The writ of garnishment was

issued by the Circuit Clerk of Itawamba County, Mississippi, and was served on Garnishee. Garnishee filed its notice of removal within 30 days of receipt of the writ of garnishment, removing the garnishment proceeding to this Court and filing its own separate declaratory judgment action. Garnishee maintains that no insurance coverage exists under Garnishee's policy for the subject incident. Plaintiffs filed a counterclaim asserting fraud as basis of recovery and an amended counter-complaint. Subsequently, Garnishee filed the present motion for summary judgment [72], presenting several arguments attacking the jurisdictional basis of the underlying state-court judgment and challenging the merits of the garnishment action. Plaintiffs have filed a motion to stay [113] consideration of Garnishee's motion for summary judgment.

### B. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* FED. R. CIV. P. 56(a); *Johnston & Johnston v. Conseco Life Ins. Co.*, 732 F.3d 555, 561 (5th Cir. 2013). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . .

3

. affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

It is axiomatic that in ruling on a motion for summary judgment "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, —— U.S. ——, ——, 134 S. Ct. 1861, 1863, 188 L. Ed. 2d 895 (2014) (per curiam) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)); *see, e.g., Ard v. Rushing*, --- F. App'x ---, 2014 WL 7356134, at *4 (5th Cir. Dec. 29, 2014) (per curiam) (quoting *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006) (on summary judgment, " '[w]e view the evidence in the light most favorable to the non-moving party' ")). The Court " 'resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.' " *Thomas v. Baldwin*, 595 F. App'x 378, 378 (5th Cir. 2014) (per curiam) (quoting *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (internal quotation marks and citation omitted)). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.' " *Id.* at 380 (quoting *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

"[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.' " *Cotton*, 134 S. Ct. at 1866 (quoting *Anderson*, 477 U.S. at 249, 106 S. Ct. 2505); *see Stewart v. Guzman*, 555 F. App'x 425, 430 (5th Cir. 2014) (per curiam) (citing *Vaughn v. Woodforest Bank*, 665 F.3d 632, 635 (5th Cir. 2011) (In ruling on a summary judgment motion, "[w]e neither engage in

credibility determinations nor weigh the evidence.")).  With the foregoing standard in mind, the Court turns to the issues before it.

## C. Analysis and Discussion

At the outset, the Court addresses Garnishee's argument that the state-court judgment upon which the garnishment action is based is void as to all Defendants.  This affirmative defense, which Garnishee first pled in its answer [3], is urged pursuant to Mississippi Code § 11-35-39, which provides: "The garnishee may plead that the judgment under which the writ of garnishment was issued is void, and if his plea be sustained, no judgment shall be rendered against him."  Miss. Code Ann. § 11-35-39.  *See* Garnishee's Answer & Aff. Defenses [3] at 4; Garnishee's Mot. Summ. J. [72] at 2.  If this Court determines that the state-court judgment is void as to all Defendants, the instant writ of garnishment must be dismissed.

Because this issue presents questions of law, the Court finds that Plaintiffs' motion to stay consideration of Garnishee's motion for summary judgment is not well taken, insofar as it pertains to the legal issues presented by Garnishee's summary-judgment motion.

The determination of whether a state-court judgment is void turns on the application of Mississippi rules of collateral attack and claim preclusion.  Because this argument is urged in federal court, our starting point is the Full Faith and Credit Act, 28 U.S.C. § 1738, which provides in pertinent part: "The records and judicial proceedings of any court of any such State . . . or copies thereof . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."  The Full Faith and Credit Act "embodies concerns of comity and federalism that allow the State to determine, subject to the requirements of the statute and the Due Process Clause, the preclusive effect of judgments in their own courts."  *A.L.T. Corp. v. Small Bus. Admin.*, 801 F.2d

1451, 1455 (5th Cir. 1986) (quoting *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S. Ct. 1327, 84 L. Ed. 2d 274, 281 (1985) (quotation marks omitted)). Thus, "[w]hen a federal court is asked to enforce a state judgment, the rendering state's law determines the preclusive effect of jurisdictional findings contained within the judgment, subject of course to the Due Process Clause." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 396 (5th Cir. 2001). " 'It has long been established that [28 U.S.C.] § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken.' " *A.L.T. Corp.*, 801 F.2d at 1456–1457 (quoting *Marrese*, 470 U.S. at 380, 105 S. Ct. 1327) (quotation marks and citation omitted)). Even if on its merits a state-court "judgment intrinsically was wrong, dead wrong . . . the cherished Congressional policy under 28 U.S.C. § 1738 . . . mandates full faith and credit to judgments to state courts." *See Salazar v. U.S. Air Force*, 849 F.2d 1542, 1544 (5th Cir. 1988).

However, "these principles of full faith and credit are subject to some . . . limitations. A major limitation is the caveat that a state court judgment is entitled to its preclusive effect in another forum only if the first court has 'power to pass on the merits—had jurisdiction, that is, to render judgment.' " *A.L.T. Corp.*, 801 F.2d at 1455 (quoting *Underwriters Nat'l Assurance Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691, 704, 102 S. Ct. 1357, 71 L. Ed. 2d 558 (1982) (internal citation and quotation marks omitted)). " 'This limitation flows directly from the principles underlying the Full Faith and Credit Clause. It is axiomatic that a judgment must be supported by a proper showing of jurisdiction over the subject matter and over the relevant parties.' " *Id.* (quoting *Underwriters Nat'l Assurance Co.*, 455 U.S. at 704 n.10, 102 S. Ct. 1357). Thus, if the state court clearly lacked jurisdiction over all or part of the state-court

proceeding, the federal district court need not accord that state-court judgment full faith and credit. *See id.* at 1453.

Accordingly, in considering Garnishee's voidness-of-judgment arguments, this Court is required to give the Mississippi judgment rendered by the Circuit Court of Itawamba County— which became final for want of an appeal—the same preclusive effect as the judgment would have in a Mississippi state court. *See id.* (citing *In re Troy Dodson Constr. Co.*, 993 F.2d 1211, 1214 (5th Cir. 1993); *In re Brady, Tex. Mun. Gas Corp.*, 936 F.2d 212, 217 (5th Cir.), *cert. denied*, 502 U.S. 1013, 112 S. Ct. 657, 116 L. Ed. 2d 748 (1991)); *accord Allen v. McCurry*, 449 U.S. 90, 96, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980).[1]

The Court now examines Garnishee's voidness-of-judgment arguments with respect to each defendant in turn.

## 1. State-Court Judgment Against Darryl Holcomb

First, Garnishee argues that the state-court judgment against Darryl Holcomb is void, because Darryl Holcomb was dead at the time the state-court judgment was entered against him and no proper substitution of the estate was made while the case was pending. Garnishee further maintains that no suggestion of death was filed of record, and that although the death was acknowledged by Plaintiffs' filing of a motion for substitution, no order authorized any form of

---

[1] Although Plaintiffs argue that Garnishee has waived the right to argue voidness of the state-court judgment by having undisputed knowledge of the action and choosing not to participate in the state-court litigation, Plaintiffs cite no authority in support of this argument. The Court finds that this argument is not well taken. Plaintiffs similarly argue that Garnishee failed to timely raise the voidness-of-judgment argument. As Garnishee correctly states, it was not involved in the state-court litigation and had no standing to challenge the validity of the state-court judgment on appeal. Furthermore, Garnishee was only made a party to this action after the writ of garnishment was filed against it. At that time, Garnishee timely removed this action to federal court, timely pled the voidness-of-judgment defense in its answer and affirmative defenses, and then timely reiterated the defense in the present motion for summary judgment. Thus, Plaintiffs' arguments in this respect are unavailing.

substitution. Accordingly, Garnishee maintains that the judgment against Darryl Holcomb cannot support the garnishment action against Garnishee.

Plaintiffs argue in response that there was no adjudication of Darryl Holcomb's death during the state-court action and that the state-court record is devoid of such a finding. Plaintiffs contend that only hearsay information existed as to the suggested death of Darryl Holcomb. Plaintiffs further argue that they suggested the death of Darryl Holcomb and made a motion for substitution as set forth in Rule 25 of the Mississippi Rules of Civil Procedure, but that no response to their motion for substitution was ever filed by counsel for Darryl Holcomb. Plaintiffs further argue that their actions preserved the judgment against Darryl Holcomb and that Garnishee's attempts to introduce into evidence in this case an alleged Certificate of Death is improper because the same was not entered into evidence in the state-court action. Finally, Plaintiffs argue that collateral estoppel, res judicata, lack of standing, waiver, and failure to abide by various rules now prevent Garnishee from collaterally attacking the judgment against Darryl Holcomb.

Mississippi case law is clear that a court is without jurisdiction to enter a judgment against a dead person and that such a judgment is void and subject to collateral attack. *See Wells v. Roberson*, 209 So. 2d 919, 922 (Miss. 1968) (Mississippi Supreme Court has "consistently . . . ruled" that "a judgment against a dead person is a nullity"); *Weis v. Aaron*, 21 So. 763, 763 (Miss. 1897) ("[I]t is the settled law in this state that [a judgment against a deceased person] is absolutely void. And a void judgment may be collaterally assailed."); *Tarleton v. Cox*, 45 Miss. 430, 1871 WL 3998 (1871) (court's jurisdiction is lacking where judgment is rendered against dead person); *Young v. Pickens*, 45 Miss. 553, 1871 WL 4005 (1871) ("A judgment in favor of

or against a deceased person is a nullity."); *Parker v. Horne*, 9 George 215, 1859 WL 3682 (Miss. 1859) ("A judgment against a dead person is a nullity.").

"The [Mississippi] Legislature set out the proper procedure in Mississippi Code [§] 13-3-17, saying that '[s]ubstitution of parties in case of death shall be governed by the Mississippi Rules of Civil Procedure.' " *Harris v. Darby*, 17 So. 3d 1076, 1079 (Miss. 2009) (quoting Miss. Code Ann. § 13-3-17). Furthermore, "a garnishment proceeding is in the nature of a civil action and is certainly subject to the rule-making power of this Court and the Mississippi Rules of Civil Procedure the same as any other civil action." *First Miss. Nat'l Bank v. KLH Indus., Inc.*, 457 So. 2d 1333, 1334 (Miss. 1984). "According to Rule 25 of the Mississippi Rules of Civil Procedure, upon the death of one party, a 'motion for substitution' must be made 'within ninety days after the death is suggested' or 'the action shall be dismissed without prejudice.' " *Burch v. Ill. Cent. R.R. Co.*, 136 So. 3d 1063, 1066–1067 (Miss. 2014) (quoting Miss. R. Civ. P. 25(a)(1)). "When either of the parties to any personal action shall die before final judgment, the executor or administrator of such deceased party may prosecute or defend such action, and the court shall render judgment for or against the executor or administrator." Miss. Code Ann. § 91-7-237. "Rule 25 of the Mississippi Rules of Civil Procedure . . . requir[es] death to be suggested upon the record before any dismissal of the suit may be made." *Harris*, 17 So. 3d at 1081. The filing of the suggestion of death is what "trigger[s] the ninety-day time requirement set out by [Rule] 25." *Id.* at 1080.

Taking into account the foregoing case law, this Court reviewed the state-court record and found the following: In the underlying state-court proceeding, neither party suggested the death of defendant Darryl Holcomb. On June 10, 2010, Plaintiffs filed a motion to substitute pursuant to Rule 25 of the Mississippi Rules of Civil Procedure. *See* Pls.' Mot. Substitute, State-

Ct. R. [26-69] at 1–2. In that motion, Plaintiffs stated that Darryl Holcomb "died in Itawamba County, Mississippi after service of process was had upon him in this matter" and that "Plaintiffs would ask the Court to substitute the Deceased's Wife, Crystal Holcomb, as his personal representative in this matter," since "no Estate has been opened and no Will [has been] filed for probate." *Id.* at 1. That motion was duly served on the opposing party and filed in the Circuit Court of Itawamba County. *See id.* at 2. No response was ever filed to the motion. Despite that the motion to substitute was clearly unopposed, the Circuit Court of Itawamba County never ruled on the motion and subsequently granted Plaintiffs' motion for summary judgment against Defendants (including the deceased Darryl Holcomb). *See* Order Granting Pls.' Am. Mot. Summ. J., State-Ct. R. [26-20] at 1. Then, after the state court's summary-judgment ruling but prior to the hearing to determine damages, Plaintiffs filed a motion for voluntary dismissal of all claims against Defendants "James Holcomb, individually" and "Crystal Holcomb Short, individually, although she is not a named Defendant in the above[-]referenced matter." *See* Pls.' Mot. Voluntary Dismissal, State-Ct. R. [26-15] at 1–3. Subsequently, the Circuit Court of Itawamba County entered an Order granting that motion and stating in pertinent part: "Any and all claims against the Defendant, James Holcomb, individually, are hereby dismissed with prejudice. Any and all claims which Plaintiffs may have against Crystal Holcomb Short, individually, are hereby dismissed with prejudice." *See* Order Granting Pls.' Mot. Voluntary Dismissal, State-Ct. R. [26-14] at 1. Following the hearing to determine damages, the Circuit Court of Itawamba County entered judgment against Defendants, including in pertinent part the deceased Darryl Holcomb. *See* J., State-Ct. R. [26-9] at 1.

This Court is guided by the historically consistent reasoning of the Mississippi Supreme Court in these matters, for example, *Tarleton v. Cox*:

10

What does this record prove? Does the record of judgment, that the court had fully considered the motion, and therefore ordered that it be sustained, import absolute verity, including the presumption that the court had passed upon the question of jurisdiction, or do the previous recitals show affirmatively that the court did not obtain jurisdiction of the person of the representative of the deceased? We are of the opinion that this record not only does not show jurisdiction, but that it appears thereby, that jurisdiction of the person of the administrator was not obtained . . . . It is not shown that the administrator was, in fact, in court, or that he had counsel there, nor that notice of the motion was served upon him, personally or constructively, nor can presumptions of these facts be indulged in from the record, much less, that *scire facias* issued to bring him in. The result is, that the representative of the deceased was not made a party, and the judgment was against a dead man.

1871 WL 3998, at *6. Of further guidance to this Court is the Mississippi Supreme Court's statement in *Young v. Pickens* that "the fact [of the death] should have been suggested on the record, and the case continued in the name of the survivor, as such." 1871 WL 4005, at *2. Finally, in *Owen v. Abraham*, 102 So. 2d 372 (Miss. 1958), the Mississippi Supreme Court meaningfully "struck down as a nullity a decree rendered after the death of the defendant in a divorce action," explaining:

[L]itigation is not to be carried on by or against any deceased person. The impossibility of such a thing is apparent however upon its mere mention. There must be revivors in such suits or else further proceedings therein amount to nothing. Thus, if a defendant die during pendency of a suit and there is no revivor or amendment, but only an unwarranted effort to carry on the suit by substituting a new party to the suit,—not one claiming by or under the former defendant,—the proceeding is entirely erroneous.

102 So. 2d at 373 (quotation marks and citation omitted).

It is clear to this Court that under Mississippi law, the state-court judgment against Darryl Holcomb, a deceased individual, is a nullity, because the state court did not have jurisdiction over him to enter the judgment. The Circuit Court of Itawamba County never granted the motion

11

to substitute Crystal Holcomb for the deceased defendant Darryl Holcomb, but even if it had, that court subsequently dismissed with prejudice all claims Plaintiffs may have had against Crystal Holcomb Short, upon Plaintiffs' own motion to do so. In short, no viable claims existed against Crystal Holcomb Short at the time the judgment and subsequent writ of garnishment were entered, and the claims against the deceased Darryl Holcomb are absolutely void under Mississippi law. Collateral estoppel and res judicata do not save the state-court judgment against Darryl Holcomb, which had no jurisdictional basis.

### 2.  State-Court Judgment Against James Holcomb

Second, Garnishee argues that the state-court judgment against James Holcomb is void because the claims against him were voluntarily dismissed with prejudice prior to the state court's judgment, and thus, that the state court had no personal jurisdiction over him to enter judgment against him. Garnishee further argues that because James Holcomb was dismissed from the state-court case with prejudice, there was no longer any case or controversy between him and the Plaintiffs, and thus, that the state court had no subject-matter jurisdiction over the claims against him.

Plaintiffs argue in response that James Holcomb was represented throughout the entire state-court case and that collateral estoppel, res judicata, lack of standing, waiver, and failure to abide by various rules now prevent Garnishee from collaterally attacking the judgment against James Holcomb.

In reviewing the state-court record, this Court finds that after the Circuit Court of Itawamba County granted summary judgment in favor of Plaintiffs against Defendants, but prior to the hearing to determine damages, Plaintiffs filed a motion for voluntary dismissal of all claims against Defendants "James Holcomb, individually" and "Crystal Holcomb Short,

individually, although she is not a named Defendant in the above[-]referenced matter." *See* Pls.' Mot. Voluntary Dismissal, State-Ct. R. [26-15] at 1–3. Subsequently, the Circuit Court of Itawamba County entered an Order granting the motion, stating in pertinent part: "Any and all claims against the Defendant, James Holcomb, individually, are hereby dismissed with prejudice." *See* Order Granting Pls.' Mot. Voluntary Dismissal, State-Ct. R. [26-14] at 1. Following the hearing to determine damages, the Circuit Court of Itawamba County entered a judgment against Defendants, including in pertinent part "James Holcomb." *See* J., State-Ct. R. [26-9] at 1.

The state court's dismissal with prejudice of the claims against James Holcomb was a "final judgment on the merits" of the claims asserted against James Holcomb. Subsequent to that dismissal, there was no longer any basis for the state-court's exercise of personal jurisdiction over James Holcomb or subject-matter jurisdiction over the claims against him, and thus, the subsequent judgment against James Holcomb was without jurisdictional basis. *See, e.g.*, *Andrews v. Dairy Farmers of Am., Inc.*, No. 2:11–CV–97–KS–MTP, 2011 WL 5444245, at *16 (S.D. Miss. Nov. 9, 2011) (after court dismissed claims as to particular defendant, there was no longer a basis for the court's personal jurisdiction over that defendant). Furthermore, "[i]t is clear that a stipulation of dismissal with prejudice, or, for that matter, a dismissal with prejudice at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action." *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 534 (5th Cir. 1978); *see Brooks v. Raymond Dugat Co.*, 336 F.3d 360, 363 (5th Cir. 2003) (holding that plaintiff's voluntary dismissal of all claims with prejudice was final judgment on merits). As with the judgment against Darryl Holcomb, collateral estoppel and res

13

judicata do not save the state-court judgment against James Holcomb, which had no jurisdictional basis.

### 3. **State-Court Judgment Against Holcomb Logging, LLC**

Third, Garnishee argues that the state-court judgment against Holcomb Logging, LLC is void, because at the time of the subject accident Holcomb Logging, LLC was nonexistent, having not been organized until October 19, 2007, and thus, Holcomb Logging, LLC could not have been responsible for any act that caused Decedent's death.

Plaintiffs respond that nothing in the state-court record indicates that the judgment against Holcomb Logging, LLC is void, as the state-court record does not show whether Holcomb Logging, LLC was a corporation, natural person, or limited liability company at the time of Decedent's death. Plaintiffs further maintain that the named insured on the subject insurance policies remained Darryl Holcomb and IC Trucking, despite Garnishee's purported knowledge that Holcomb Logging was merged into Holcomb Logging, LLC on October 19, 2007. Finally, Plaintiffs argue that collateral estoppel, res judicata, lack of standing, waiver, and failure to abide by various rules now prevent Garnishee from collaterally attacking the judgment against Holcomb Logging, LLC.

Upon review of the state-court record, this Court finds that Plaintiffs filed their state-court complaint against "Holcomb Logging, LLC," which they alleged was "a [c]orporation licensed in the State of Mississippi and doing business in Itawamba County, Mississippi" and that "Defendant, Darryl Holcomb, is the owner and/or employee of Holcomb Logging, LLC . . . ." Pls.' Am. Compl., State-Ct. R. [26-25] ¶ 3. Plaintiffs further alleged that the subject accident occurred while Decedent was working as a truck driver for Holcomb Logging, LLC, and that Decedent's cause of death was the negligence of Defendants, including Holcomb Logging, LLC.

14

*See id.* ¶¶ 6–7. The state-court record also includes a summons return for Darryl Holcomb, agent for service of process for Holcomb Logging, LLC. *See* Holcomb Logging, LLC Summons Return, State-Ct. R. [26-74]. Subsequently, Defendants filed an answer to the complaint. Plaintiffs next filed an amended complaint [26-25], wherein they alleged that Decedent's accident occurred while Decedent was working as a truck driver for "Defendant Corporation(s)/Individuals," including Holcomb Logging, LLC and IC Trucking. Pls.' Am. Compl., State-Ct. R. [26-25] ¶ 6. Plaintiffs then filed a motion for leave to allow Plaintiffs to name the additional party IC Trucking. Plaintiffs maintained that "the subject vehicles involved in the accident and the employer agent were titled in the name of or acting on behalf of IC Trucking, formerly known as Holcomb Logging." *See* Pls.' Mot. Allow Add'l Named Party, State-Ct. R. [26-26] at 1. The state court entered an Order [26-24] granting this motion. Plaintiffs then filed a motion for summary judgment [26-23] and amended motion for summary judgment [26-22], wherein they argued that "[Decedent] died as a result of injuries sustained, which were proximately caused by the impact of a log truck and trailer operated by the agents/employees of the Defendants, Holcomb Logging, LLC[;] Darryl Holcomb[;] and IC Trucking." The state court subsequently granted the uncontested summary judgment motions as to all Defendants, including Holcomb Logging, LLC. *See* Order Granting Pls.' Am. Mot. Summ. J. [26-20]. The state court then entered judgment against Defendants, including Holcomb Logging, LLC.

The Mississippi Secretary of State website indicates that Holcomb Logging, LLC was created on October 19, 2007, and that Darryl Holcomb was the registered agent. *See* Miss. Sec'y of State Website, https://corp.sos.ms.gov/corp/portal/c/page/corpBusinessIdSearch/portal.aspx. The Mississippi Secretary of State website further indicates that Holcomb Logging, LLC was

15

administratively dissolved on December 5, 2011 (apparently for failing to file the required annual reports with the Secretary of State). *See id.* Even though Holcomb Logging, LLC was administratively dissolved on December 5, 2011—prior to the entry of the Circuit Court of Itawamba County's judgment against it on August 23, 2013—the limited liability corporation was nevertheless amenable to the judgment under authority of Mississippi Code § 79-4-14.05(b)(5), which provides that "[d]issolution of a corporation does not [p]revent commencement of a proceeding by or against the corporation in its corporate name[.]" Miss. Code Ann. § 79-4-14.05(b)(5); *see Schustz v. Buccaneer, Inc.*, 850 So. 2d 209, 212 (Miss. Ct. App. 2003) (plaintiffs properly sued an administratively dissolved corporation due to "the possible existence of liability insurance that may have been in force" at the time of the subject incident). In Mississippi, it is well settled that judgments can be held against dissolved corporations. *See Phillips v. MSM, Inc.*, No. 3:12–CV–175–CWR–FKB, 2015 WL 420327 (S.D. Miss. Feb. 2, 2015); *Lionberger v. Southvina Agency, Inc.*, No. 1:06CV961, 2007 WL 1673537 (S.D. Miss. June 7, 2007); *Naugher v. Fox River Tractor Co.*, 446 F. Supp. 1281, 1283 (D.C. Miss. 1977); *Grenada Ready-Mix Concrete, Inc. v. Watkins*, 426 F. Supp. 531, 532 (D.C. Miss. 1977); *Morris v. Macione*, 546 So. 2d 969, 970–72 (Miss. 1989). "A plain reading of Mississippi Code [§] 79-4-14.21 specifies that administratively dissolved corporations continue to exist regarding agreements established prior to dissolution and for the purposes of defending the corporation in actions stemming from such agreements." *Columbus Cheer Co. v. City of Columbus*, 155 So. 3d 744 (Miss. 2014) (citing Miss. Code Ann. § 79-4-14.21(e)–(f) (Rev. 2013) (emphasis added)); *see Coulter v. Robertson*, 2 Cushm. 278, 1852 WL 14, at *30 (Miss. Err. App. 1852) ("the obligation of the contracts of a dissolved corporation survives its dissolution").

16

Given all of the foregoing, this Court is assured that the state court had jurisdiction over Holcomb Logging, LLC to enter the judgment against it. Furthermore, no other exception to the full faith and credit requirement is present in this situation. There is no basis to determine the state-court judgment against Holcomb Logging, LLC was the result of extrinsic fraud, or that the judgment was reached without due process of law. *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982); *Bass v. Hoagland*, 172 F.2d 205, 209 (5th Cir. 1949); *Price v. Pereira*, --- So. 3d ----, 2014 WL 2583606, at *6 (Miss. Ct. App. June 10, 2014).

This Court notes that under Mississippi law "[t]here can be no assessment of damages against the employer when no action can be brought against the only negligent party—the employee." *Crawford Logging, Inc. v. Estate of Irving*, 41 So. 3d 687, 690 (Miss. 2010) (internal quotation marks and citation omitted). The assessment of damages against Holcomb Logging, LLC occurred at the close of the state-court litigation and is not before this Court. "The principle of res judicata operates to avoid multiplicity of litigation." *Schwartz v. Hynum*, 933 So. 2d 1039, 1042 (Miss. Ct. App. 2006) (citing *Little v. V & G Welding Supply, Inc.*, 704 So. 2d 1336, 1337 (Miss. 1997)). "Res judicata bars all issues that might have been (or could have been) raised and decided in the initial suit, plus all issues that were actually decided in the first cause of action." *Schwartz v. Hynum*, 933 So. 2d 1039, 1042 (Miss. Ct. App. 2006) (quoting *Estate of Anderson v. Deposit Guar. Nat'l Bank*, 674 So. 2d 1254, 1256 (Miss. 1996)). Due to res judicata, this Court cannot delve into the merits of the judgment against Holcomb Logging, LLC. For the same reason, the Court cannot consider evidence of a pre-judgment release of Defendants that was not a part of the state-court record. "[A] decision [that the jurisdictional prerequisites are met] is conclusive of the jurisdiction of the court. Whether the

court had the proper evidence before it on which to base such a decision cannot be inquired into collaterally, for that would be a question of error or no error, which manifestly can be entertained only in a court sitting to review the proceedings." *Cocks v. Simmons*, 57 Miss. 183, 1879 WL 4044, at *8 (Miss. 1879). Accordingly, this Court finds that the state-court judgment against Holcomb Logging, LLC is valid and entitled to full faith and credit.

### 4. **State-Court Judgment Against IC Trucking**

Fourth, Garnishee argues that the state-court judgment against IC Trucking is void for the following reasons. Garnishee argues that the Plaintiffs' amended state-court complaint, which added allegations against IC Trucking, did not identify IC Trucking as an independent legal entity or allege that it was such at the time of the subject accident, but only that Darryl Holcomb was "doing business as" IC Trucking. Garnishee maintains that these allegations described IC Trucking as the sole proprietorship of Darryl Holcomb and that the status of IC Trucking as a party and proper object of a judgment was co-extensive with that of Darryl Holcomb. Finally, Garnishee maintains that the state-court record and docket reflect that service of process was not perfected on IC Trucking, and that since service of process is necessary to confer jurisdiction over the person of a named defendant, the state court lacked jurisdiction over IC Trucking to enter the judgment against it. Specifically, Garnishee points to the motion for leave to file amended complaint which contains no certificate of service and to the fact that the amended complaint was filed before the motion for leave to file the amended complaint. Garnishee contends that a service of the summons and copy of the amended complaint would have been required upon IC Trucking pursuant to Rule 4 of the Mississippi Rules of Civil Procedure, and that the state-court record indicates that no such summons was ever served on IC Trucking as a

18

separate entity from Darryl Holcomb. Thus, Garnishee maintains that the judgment against IC Trucking is void and cannot serve as a basis for the garnishment action against Garnishee.

Plaintiffs respond that certificates of service were not included in Garnishee's initial forwarding of the state-court record [4], but that certificates of service were included in the subsequent forwarding of the state-court record [26] and that these certificates of service indicate that service was effected upon IC Trucking. Plaintiffs further maintain that the state court's judgment was entered against Darryl Holcomb and IC Trucking, holding them jointly and severally liable for the judgment—which is itself an adjudication against IC Trucking as a separate entity. Plaintiffs also maintain that the subject policy sets forth the named insured on the subject policy as "Darryl Holcomb" and "IC Trucking," and thus that IC Trucking is a separate and distinct entity from Darryl Holcomb and the judgment is valid against IC Trucking. Finally, Plaintiffs argue that collateral estoppel, res judicata, lack of standing, waiver, and failure to abide by various rules now prevent Garnishee from collaterally attacking the judgment against IC Trucking.

Upon review of the state-court record, this Court finds that Plaintiffs filed an amended complaint [26-25], wherein they alleged that "at the time of the subject incident, Defendant, Darryl Holcomb, was also doing business as IC Trucking, and accordingly said IC Trucking may be served with process by the attorney of record for Defendant, Darryl Holcomb," and further that the Decedent's accident occurred while the Decedent was working as a truck driver for "Defendant Corporation(s)/Individuals," including Holcomb Logging, LLC and IC Trucking. Pls.' Am. Compl., State-Ct. R. [26-25] ¶¶ 3, 6. Plaintiffs subsequently filed a motion for leave to add the named party IC Trucking. Although Plaintiffs did not use the language "IC Trucking, LLC," Plaintiffs contended in their motion to allow additional party that "the subject vehicles

involved in the accident and the employer agent were titled in the name of or acting on behalf of IC Trucking, formerly known as Holcomb Logging," which Plaintiffs had alleged was a limited liability company. *See* Pls.' Mot. Allow Add'l Named Party, State-Ct. R. [26-26] at 1. The state court entered an Order [26-24] granting that motion. There is no summons return to IC Trucking in the state-court record, though of course, there is an earlier summons return for Darryl Holcomb and one for Holcomb Trucking, LLC. Plaintiffs then filed a motion for summary judgment [26-23] and amended motion for summary judgment [26-22], wherein they argued that "[Decedent] died as a result of injuries sustained, which were proximately caused by the impact of a log truck and trailer operated by the agents/employees of the Defendants, Holcomb Logging, LLC[;] Darryl Holcomb[;] and IC Trucking." The state court subsequently granted the uncontested summary judgment motions as to all Defendants, including IC Trucking. *See* Order Granting Pls.' Am. Mot. Summ. J., State-Ct. R. [26-20]. The state court then entered judgment [26-9] against Defendants, including IC Trucking.

The Mississippi Secretary of State website indicates that IC Trucking was a limited liability company for which Darryl Holcomb was the registered agent, and that although IC Trucking is now dissolved, it was created on October 19, 2007—the same date as Holcomb Logging, LLC.

Under Mississippi law, "[t]o obtain personal jurisdiction over an interested party, service of process is required consistent with either Rule 4 or Rule 81 of the Mississippi Rules of Civil Procedure." *In re Transfer of Structured Settlement Payment*, 130 So. 3d 1108, 1120 (Miss. Ct. App. 2013). As this Court sees it, there are two ways to look at this issue, either: (1) IC Trucking can be considered the sole proprietorship of Darryl Holcomb, in which case service of process was arguably perfected such that the exercise of personal jurisdiction over IC Trucking was

proper—but in that case the judgment entered against the deceased Darryl Holcomb is similarly void as to IC Trucking; or (2) IC Trucking, as a limited liability company, was a separate entity from Darryl Holcomb, in which case service of process was not perfected, the exercise of personal jurisdiction over IC Trucking was not proper, and the judgment against IC Trucking fails for lack of personal jurisdiction. Either way, the judgment against IC Trucking is void for lack of jurisdiction. Accordingly, as with the judgments against Darryl Holcomb and James Holcomb, collateral estoppel and res judicata do not save the state-court judgment against IC Trucking, which had no jurisdictional basis.

### 5. **Other Preliminary Issues**

Next, the Court examines Garnishee's argument that the dismissal with prejudice of James Holcomb negated claims against others who may be vicariously liable. As the Court has laid out in some detail above, the state court granted Plaintiffs' unopposed summary judgment motions, finding that "[Decedent] died as a result of injuries sustained, which were proximately caused by the impact of a log truck and trailer owned and operated by the Defendants and their agents/employees, and that the death of [Decedent] was proximately caused by the negligence and wrongful actions of the aforesaid Defendants." Order Granting Pls.' Am. Mot. Summ. J., State-Ct. R. [26-20] at 1. Then, prior to the hearing to determine damages, Plaintiffs filed a motion for voluntary dismissal of all claims against Defendants "James Holcomb, individually" and "Crystal Holcomb Short, individually, although she is not a named Defendant in the above[-]referenced matter." *See* Pls.' Mot. Voluntary Dismissal, State-Ct. R. [26-15] at 1–3. Subsequently, the Circuit Court of Itawamba County entered an Order granting that motion and stating in pertinent part: "Any and all claims against the Defendant, James Holcomb, individually, are hereby dismissed with prejudice. Any and all claims which Plaintiffs may have

against Crystal Holcomb Short, individually, are hereby dismissed with prejudice." *See* Order Granting Pls.' Mot. Voluntary Dismissal, State-Ct. R. [26-14] at 1. Following the hearing to determine damages, the Circuit Court of Itawamba County entered judgment against Defendants, including in pertinent part James Holcomb. *See* J., State-Ct. R. [26-9] at 1. As the Court stated above, James Holcomb was dismissed with prejudice upon Plaintiffs' motion for voluntary dismissal. This dismissal does not negate any liability on the part of any other party to the state-court case—particularly since Plaintiffs' allegations of negligence were against all Defendants, not solely James Holcomb. *See J & J Timber Co. v. Broome*, 932 So. 2d 1, 6–7 (Miss. 2006). As also detailed above, even if the state-court ruling was erroneous, as long as the jurisdictional prerequisites were met, this Court must afford the state court judgment against Holcomb Logging, LLC full faith and credit. Therefore, Garnishee's argument in this respect is not well taken, and the judgment against Holcomb Logging, LLC that forms a basis for the case *sub judice* stands.

### 6. Merits of Garnishment Action

Having decided the foregoing preliminary issues, the Court turns to Garnishee's challenges to the merits of the garnishment action itself. Plaintiffs filed this writ of garnishment against Garnishee in an attempt to collect under an insurance policy issued by Garnishee. Garnishee removed the action to this Court, denying that Plaintiffs are entitled to collect under an insurance policy and maintaining that the subject policy does not provide coverage for the subject incident. Thus, the issue before this Court is whether the Progressive insurance policy, issued to Darryl Holcomb and IC Trucking, provides coverage as to the liability of Holcomb Logging, LLC for the subject incident. The Court is of the opinion that the parties should have

an opportunity to provide this Court with briefing specific to this issue prior to the Court issuing a ruling as to coverage under the subject policy.

## *D. Conclusion*

In sum, Garnishee Progressive Gulf Insurance Company's motion for summary judgment [72] is GRANTED IN PART, DENIED IN PART, AND HELD IN ABEYANCE IN PART, specifically as follows:

(1) Garnishee's motion for summary judgment [72] is GRANTED, insofar as the judgment of the Circuit Court of Itawamba County, Mississippi is void as to Defendants Darryl Holcomb, James Holcomb, and IC Trucking;

(2) The claims against Defendants Darryl Holcomb, James Holcomb, and IC Trucking are hereby DISMISSED, and the same are DISMISSED AS PARTIES to the action;

(3) Garnishee's motion for summary judgment [72] is DENIED, insofar as the judgment of the Circuit Court of Itawamba County, Mississippi as to Defendant Holcomb Logging, LLC is valid and entitled to full faith and credit;

(4) Garnishee's motion for summary judgment [72] is HELD IN ABEYANCE with respect to the other issues raised concerning insurance coverage until such time as the parties have fully briefed the issue of whether the subject insurance policy provides liability coverage for Holcomb Logging, LLC for the subject incident; and

(5) Plaintiffs' motion to stay consideration [113] of Garnishee's motion for summary judgment [72] is not well taken and is thus DENIED.

The Court hereby gives the parties an opportunity to submit briefing solely relating to the issue of whether the subject insurance policy provides liability coverage for Holcomb Logging, LLC for the subject incident. Garnishee and Defendant Holcomb Logging, LLC may submit any

such briefing within twenty (20) days of the date of this memorandum opinion and order. Plaintiffs may submit any responsive briefing within ten (10) days of Garnishee's and/or Defendant Holcomb Logging, LLC's submission.

An order in accordance with this opinion shall issue this day.

THIS, the 17 day of April, 2015.

_____
SENIOR U.S. DISTRICT JUDGE