IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LISA BEAM STEPHENS and
PAMELA BEAM DRAKE,
Wrongful Death Beneficiaries of
Truman Edward Beam                                                                PLAINTIFFS

v.                                                         CIVIL ACTION NO.: 1:13-cv-00244-GHD-DAS

PROGRESSIVE GULF INSURANCE COMPANY                                               GARNISHEE

v.

HOLCOMB LOGGING, LLC; DARRYL HOLCOMB;
JAMES HOLCOMB; and IC TRUCKING                                                   DEFENDANTS

## MEMORANDUM OPINION DENYING
## PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT

Presently before this Court is a motion to alter or amend the Court's judgment [149] filed by Plaintiffs Lisa Beam Stephens and Pamela Beam Drake ("Plaintiffs"). Garnishee Progressive Gulf Insurance Company ("Garnishee) has filed a response, and Plaintiffs have filed a reply. Upon due consideration, the Court finds that Plaintiffs' motion to alter or amend the Court's judgment [149] is not well taken and shall be denied.

### A. *Federal Rule of Civil Procedure 59 Standard*

Plaintiffs' motion to alter or amend the Court's judgment [149] is urged under Rule 59 of the Federal Rules of Civil Procedure. "While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Because the motion before this Court was filed within 28 days of the Court's Order, the Court will treat the motion as a Rule

1

59(e) motion to alter or amend judgment. "Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the Rule was adopted to 'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982) (quoting Fed. R. Civ. P. 59 advisory committee's note on 1946 am., 5 F.R.D. 433, 476 (1946)). In reconsidering its judgment pursuant to Rule 59(e), the Court reconsiders matters properly encompassed in its decision on the merits. *See id.* at 451, 102 S. Ct. 1162.

A Rule 59 motion is the proper vehicle by which a party can "correct manifest errors of law or fact" or "present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A party should not attempt to use the Rule 59 motion for the purpose of "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* The Fifth Circuit has held that

> a 59(e) motion to reconsider should not be granted unless: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching.

*Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003) (internal citation omitted).

### B. *Analysis and Discussion*

In their motion to alter or amend judgment [149], Plaintiffs ask the Court to alter or amend the Court's Order [149] and memorandum opinion [148] granting Garnishee's motion for

2

summary judgment [72], denying Plaintiffs' motion for summary judgment [101] and denying as moot the remaining pending motions, including a motion to strike [81], a motion for extension of time [83], a motion to appeal the Magistrate Judge's decision [107], a motion to expedite the same [108], and a motion for entry of default [117].

Plaintiffs' motion to alter or amend contains several arguments previously urged in Plaintiffs' motion for summary judgment and related briefing, including the following: (1) the terms "otherwise covered" in the insurance policy do not require a valid final judgment adjudging Darryl Holcomb or James Holcomb legally responsible for the subject accident; (2) the Mobile Equipment as Insured Autos Endorsement modified the subject policy to include the Mack pullout truck; (3) because a final judgment was entered against Holcomb Logging, LLC, an insured under the subject policy, liability coverage is warranted under the MCS-90 Endorsement; (4) uninsured motorist coverage could exist under the subject policy; and (5) the Court should have addressed the claims of fraud, intentional misrepresentation, and so on, based on the uninsured motorist coverage issue. These arguments fail to "demonstrate any grounds for relief under Rule 59(e), such as manifest error of law or fact or the discovery of new evidence." *See Winding v. Geo Grp., Inc.*, 405 F. App'x 938, 939 (5th Cir. 2010) (per curiam). Accordingly, Rule 59(e) relief is not proper on the aforementioned grounds. Nor is relief proper on the other grounds raised by Plaintiffs in their motion to alter or amend which are as follows: (1) the Court's Order and memorandum opinion do not address Plaintiffs' legal argument that Garnishee failed to raise the issue of lack of notice as an affirmative defense in Garnishee's original pleadings; and (2) the Court's Order and memorandum opinion do not address Plaintiffs' then-pending motion for entry of judgment based on Garnishee's failure to have its answer to the

3

garnishment action supported by sworn affidavit, and this entitles Plaintiffs to an entry of judgment and attorney's fees. The Court finds as follows.

With respect to Plaintiffs' argument concerning notice, the Court addressed this issue on page 7 of its prior memorandum opinion [148] on the summary judgment motions:

> First, Garnishee argues that Holcomb Logging, LLC never tendered defense or indemnity of the underlying state-court suit to Garnishee and never provided Garnishee with legal papers and information pertaining to the suit, as required by the policy to trigger a duty to defend. Plaintiffs argue as a threshold matter that Garnishee has never set forth this contention as an affirmative defense and is estopped from raising it at this juncture. The Court finds to the contrary that Garnishee has adequately pled throughout its answer and affirmative defenses filed in the case *sub judice* that coverage under the Progressive policy was never triggered and, thus, that Garnishee had no duty to defend Defendants in the underlying state-court litigation. Furthermore, Garnishee was never a party to the state-court case and therefore had no opportunity to raise the duty to defend as an affirmative defense in that proceeding. The Court finds that this threshold argument by Plaintiffs is not well taken . . . .

With respect to Plaintiffs' argument concerning its motion for entry of judgment, the Court notes as follows. On January 13, 2015, Plaintiffs filed a motion for entry of default [117] wherein they argued they were entitled to judgment as a matter of law under Mississippi Code § 11-35-31 because Garnishee failed to file its answer "on oath" pursuant to Mississippi Code § 11-35-25. As such, the motion was a dispositive motion requesting dismissal of the case on procedural grounds. The deadline for filing dispositive motions in the case *sub judice* was November 11, 2014, according to the Case Management Order [48] entered on April 28, 2014. Because Plaintiffs' motion for entry of default [117] was filed well after the dispositive motions deadline and without seeking leave of Court to do so, the motion does not warrant consideration.

4

Because Plaintiffs' arguments in its motion to alter or amend judgment do not "demonstrate any grounds for relief under Rule 59(e), such as manifest error of law or fact or the discovery of new evidence," *see Winding*, 405 F. App'x at 939, Plaintiffs' motion to alter or amend judgment must be denied.

### *C. Conclusion*

For all of the foregoing reasons, Plaintiffs' motion to alter or amend judgment [149] is DENIED.

A separate order in accordance with this opinion shall issue this day.

THIS, the 15th day of October, 2015.

_____
SENIOR U.S. DISTRICT JUDGE